UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN ABU, a foreign company,
d/b/a BIG RED ORCHARD,

        Plaintiff,

V

Jeff Mulholland a/k/a Jason Adams, an individual,

        Defendant.

Case No.
Hon.

/

R. Christopher Cataldo (P39353)
Benjamin M. Low (P82834)
Jaffe, Raitt, Heuer & Weiss, PC
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com
benlow@jaffelaw.com

/

## COMPLAINT AND JURY DEMAND

Plaintiff Conlan Abu d/b/a Big Red Orchard ("Conlan Abu") by and through its attorneys, Jaffe, Raitt, Heuer & Weiss, P.C., and for their Complaint against Defendant Jeff Mulholland a/k/a Jason Adams ("Defendant"), state and allege as follows:

## PARTIES

4998628.v1

1. Plaintiff Conlan Abu is a California corporation, authorized to conduct business in the State of Michigan. Conlan Abu's principal place of business is in Macomb County, Michigan.

2. Big Red Orchard is a d/b/a for Conlan Abu used for an orchard and farming operation located in Macomb County, Michigan.

3. Defendant Jeff Mulholland a/k/a Jason Adams is an individual who resides in the State of Michigan and whom does business in Macomb County, Michigan.

## JURISDICTION AND VENUE

4. This action is brought, in part, pursuant to the Computer Fraud and Abuse Act ("CFAA"), 18 USC § 1030; the Federal Wiretap Act ("FWA"), 18 USC §2510 *et seq*; and the Stored Communications Act ("SCA"), 18 USC § 2701 *et seq*.

5. This Court has federal question jurisdiction over this action pursuant to the 28 USC §1331, CFAA, FWA, and the SCA, and supplemental jurisdiction pursuant to 28 USC § 1367 over Plaintiff's state law claims arising out of the allegations set forth in this Complaint.

6. Venue is proper in this Court under 28 USC § 1391.

## FACTS

7. Conlan Abu does business under the name Big Red Orchard in Romeo, Michigan.

4998628.v1

8.  On or around April 2019, Conlan Abu purchased the property today known as the Big Red Orchard.

9.  Defendant is a member of a limited liability company that held an ownership interest in the property known as the Big Red Orchard prior to the time it was purchased by Plaintiff.  During the time that Defendant held an indirect ownership interest in the property known as the Big Red Orchard, Defendant set up a Google My Business account (the "Google Account") for the Big Red Orchard.

10. The Google Account allowed Defendant to see and respond to reviews left by customers of the Big Red Orchard, along with giving him the ability to manage information about the business, answer questions left by customers, and allowed Defendant to access confidential insights and metrics compiled by Google about the business's online presence.

11. After Conlan Abu purchased the property known as the Big Red Orchard, Defendant turned over the Google Account for the Big Red Orchard to Conlan Abu.

12. However, unbeknownst to Plaintiffs, Defendant retained the login information for the Google Account of the Big Red Orchard.

13. Defendant continued to work for the Big Red Orchard through July 2019 as an independent contractor and/or employee.  All legal relationships between the Defendant and Conlan Abu/d/b/a Big Red Orchard ended in July 2019.

3

14. On or before October 3, 2020, Defendant used the username and password he improperly retained for the Google Account in order to access the Google Account without authorization from the Plaintiff.

15. Not only did Defendant access the Google Account without authorization, but he changed the ownership of the account to "Jason Adams" – an alias of Defendant – in order to lock Plaintiffs out of the Google Account.

16. Defendant changed the information publicly listed for the Big Red Orchard to say that the Big Red Orchard was "Permanently Closed" and that the Big Red Orchard was a "Criminal Enterprise." These statements made by Defendant on the Google Account were false and defamatory, and were known by Defendant to be false and defamatory at the time they were made.

17. Defendant also changed the phone number that was listed for the Big Red Orchard to a non-working number, and removed the hours of operation for the business.

18. All of these changes to the Google account referenced in paragraphs 16 and 17 above were undertaken by Defendant intentionally, with actual malice, and with the intent to harm the Plaintiff and its business due to a personal vendetta by Defendant against one of the owners of Plaintiff.

4

19. Upon discovering that it was locked out of the Google Account, and that the online listing for the Big Red Orchard had been changed, Plaintiff attempted to regain control of the Google Account.

20. Plaintiff's efforts to regain control of the Google Account led to significant costs, as Plaintiff was forced to hire counsel in order to help with its attempts to regain control.

21. Instead of returning the Google Account to Plaintiff, Defendant stalled and rejected Plaintiff's requests and attempts to regain control of the Google Account.

22. During the period that Defendant improperly exerted control over the Google Account, Plaintiff's business was significantly harmed, as its customers were led to believe that the Big Red Orchard was "permanently closed" and that it was a "criminal enterprise." Plaintiff also lost other customers due to the incorrect phone number for the business that the Defendant had including on the altered Google Account listing.

## COUNT I

**Violation of Computer Fraud and Abuse Act, 18 U.S.C. §1030**

23. Plaintiff reasserts and incorporates all prior paragraphs as though fully stated herein.

24. In addition to its criminal penalties, the CFAA gives a private cause of action for the damage and losses caused by the intentional, unauthorized, access of a protected computer.

25. During the relevant period, Defendant was not authorized to access the Google Account, the computer servers the Google Account was hosted on, and/or exceeded their authorization, and was not authorized to access Plaintiff's customer communications and confidential business metric information stored on the Google Account.

26. Defendant intentionally and without consent, permission, or authorization gained access to confidential and sensitive information through the Google Account.

27. The Google Account was hosted on a protected computer which at all relevant times operated and affected interstate commerce.

28. Without consent, permission or authorization, Defendant obtained confidential, proprietary, and sensitive business records of Plaintiff, including, but not limited to, confidential metrics about the Big Red Orchard's online presence, through his unauthorized access of the Google Account and/or access that exceeded existing permission or authorization.

29. Defendant's intentional access of the protected computers and the Google Account caused loss and damages to Plaintiff, including, but not limited to,

4998628.v1

costs incurred in Plaintiff's attempts to regain ownership of the Google Account and the loss of business directly caused by Defendant's intentional access of the protected computers.

30. Plaintiff's damages from Defendant's unauthorized access exceed $5,000.00.

31. Defendant took all such actions knowingly and intentionally and without Plaintiff's consent or permission and in violation of the Computer Fraud and Abuse Act with actual intent to harm and injure the Plaintiff.

32. As a direct and proximate result of Defendant's unlawful and improper actions, Plaintiff has suffered losses in an amount to be proven at trial.

33. Punitive and exemplary damages are appropriate because Defendant's actions were willful and intentional and made with an actual intent to harm.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in their favor and against Defendant, in an amount to be determined at trial, plus their costs and attorneys' fees, and any such other and further relief as the Court deems just and proper, including punitive and/or exemplary damages.

## COUNT II
**Violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq***

34. Plaintiff reasserts and incorporates all prior paragraphs as though fully stated herein.

35. The SCA prohibits the intentional access of a facility through which an electronic communication service is provided without authorization, or intentionally exceeding authorization to access that facility, and the obtaining, altering, or prevention of authorized access to an electronic communication while it is in electronic storage in such system.

36. In addition to its criminal penalties, the SCA provides a civil cause of action for any person aggrieved by any violation of the SCA.

37. Defendant intentionally and without authorization gained access to confidential and sensitive information stored on a facility through which an electronic communications service is provided by accessing the Google Account, which contained communications between Plaintiff, its customers, and Google.

38. The Google Account is stored on Google's cloud-based servers.

39. The Google Account facilitated electronic communications between Plaintiff and its customers, as it allowed Plaintiff to respond to feedback and questions that customers left it about the Big Red Orchard.

40. Under the SCA, Google's servers, through which the Google Account can be accessed, are a facility through which an electronic communication service is provided.

41. Without authorization, Defendant obtained confidential, proprietary, and sensitive business records and electronic communications of Plaintiff while they were stored on Google's servers.

42. Defendant's unauthorized access or access in excess of authorization caused actual harm to Plaintiff, including but not limited to, investigation costs, attorneys' fees, the improper disclosure of confidential and sensitive information, and the loss of business caused by Defendant falsely publishing that the Big Red Orchard was permanently closed and a criminal enterprise, and the alternation of its phone number and listed hours of operation.

43. Defendants took all such actions knowingly and intentionally and in violation of the SCA.

44. Punitive and exemplary damages are appropriate because Defendant's actions were willful and intentional and were done with an actual intent to harm the Plaintiff.

45. This Court should award Plaintiff its attorneys' fees under 18 U.S.C. § 2707(c).

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor and against Defendant, grant Plaintiff damages against Defendant, including, but not limited to, actual damages, punitive damages, and statutory

4998628.v1

damages, plus their costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

## COUNT III
## Common Law and/or Statutory Conversion

46. Plaintiff reasserts and incorporates all prior paragraphs as though fully stated herein.

47. Plaintiff maintained ownership of the Google Account at all relevant times to this action.

48. Defendant unlawfully engaged in a distinct act of dominion over Plaintiff's property, the Google Account, by changing the ownership, user name, and password of the Google Account in order to lock Plaintiff out of the Google Account.

49. Plaintiff was in fact unable to access the Google Account and locked out of the Google Account due to Defendant's actions.

50. Defendant used his unlawful dominion over the Google Account for his own benefit, to, among other things, intentionally hurt Plaintiff's business and as a method of revenge against Plaintiff due to his personal vendetta against one of Plaintiff's owners.

51. By doing so, Defendant has committed common law and statutory conversion, pursuant to MCL 600.2919a, which entitles Plaintiff to treble damages and attorneys' fees against Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in their favor and against Defendant, grant Plaintiff damages against Defendant, including, but not limited to, actual damages and treble damages, plus their costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

### COUNT III
### Defamation

52. Plaintiff reassert and incorporate all prior paragraphs as though fully stated herein.

53. Defendant, with actual malice, published false and defamatory statements regarding Plaintiff to third parties, including, but not limited to, Plaintiff's customers and potential customers.

54. The defamatory statements have a tendency to, and did, prejudice Plaintiff in the conduct of their business and deterred others from working with or being a customer of Plaintiff.

55. The statements Defendant made, that, among other things, the Big Red Orchard was "Permanently Closed" and was a "Criminal Enterprise" were not privileged.

56. Plaintiff made demand that the Defendant publish a retraction of the false and defamatory statements.

57. Defendant failed to issue a retraction of the defamatory statements.

4998628.v1

58.   The statements made by Defendant constitute defamation per se because they were injurious to Plaintiff's business and imputed a criminal offense.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in their favor and against Defendant, grant Plaintiff damages against Defendant, including, but not limited to, actual damages, punitive damages, and statutory damages, plus their costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

Dated: October 19, 2020

Respectfully Submitted,

/s/ R. Christopher Cataldo
R. Christopher Cataldo (P39353)
Benjamin M. Low (P82834)
Jaffe, Raitt, Heuer & Weiss, PC
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com
benlow@jaffelaw.com

4998628.v1