UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONLAN ABU; CONLAN ABU LAND COMPANY, LLC; and MILLER'S BIG RED ORCHARD, LLC,<br><br>      Plaintiff,<br>v.<br><br>JEFF MULHOLLAND,<br>      Defendant.<br>_____/ | Case No.: 20-12805<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER DENYING MOTION FOR PROTECTIVE ORDER (ECF No. 38)**

This matter is before the Court on Plaintiffs' motion for a protective order. The factual basis for this motion concerns Plaintiffs' defamation claim and Defendant's attempt to depose Plaintiffs' representatives and inquire into criminal activity. Plaintiffs seek a protective order to prevent Defendant from questioning the representatives about past criminal activity. The motion is fully briefed and ready for determination.

A. Background

Plaintiffs purchased Big Red Orchard during April 2019. Defendant is a member of a limited liability company that held ownership interest in the orchard at the time of the purchase. Before the purchase, Defendant set up a google business account for the orchard. After the purchase, Defendant turned over

control of the account to Plaintiffs, but retained the login information without Plaintiffs' knowledge. Defendant continued to work for the orchard through July 2019. On October 3, 2019, Defendant allegedly accessed the google account and locked Plaintiffs out of it. He changed publicly listed information about the orchard to reflect that it was permanently closed, was a "criminal enterprise," changed the telephone number, and removed hours of operation for the business. (ECF No. 1).

Among the claims in the complaint, Plaintiffs sued Defendant for defamation related to publishing the statements that the orchard was permanently closed and was a criminal enterprise. (ECF No. 1, Count IV).[1]

As part of the defense to the claim, Defendant must establish that the published statement was substantially true. Defendant scheduled depositions of Plaintiffs' representatives to gather facts supporting their claim that Plaintiffs were committing criminal activity at the orchard. (ECF No. 41, PageID.415). Plaintiffs characterize any inquiry into criminal activity as a fishing expedition to find criminal conduct to support a defense to defamation because Plaintiffs have never been charged with a crime. They argue that Defendant should be limited to asking only whether Plaintiffs have been charged with a crime, and if not, then no further

---

[1] There are two Count IIIs in the complaint. The defamation claim is the fourth count.

2

questioning about alleged crimes should be allowed. (ECF No. 38, PageID.389-90).

B.  Discussion

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* Relevance at the discovery stage is a broad concept. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Under Fed. R. Civ. P. 26(c)(1) the court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." To satisfy the requirements of Rule 26(c), "the moving party must show

3

'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano* 699 F.3d at 901 (quoting 8A Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 2036 (3d ed. 2012)). Courts have broad discretion to determine whether a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

The motion for protective order is **DENIED** in substantial part. Plaintiffs did not articulate specific facts showing a clearly defined and serious injury resulting from questioning about criminal activity. They merely state that being subject to questions about criminal activity "will annoy, embarrass, and oppress

4

Plaintiffs." (ECF No. 38, PageID.390). This does not meet the standard for a protective order.

Moreover, Defendant cannot be prevented from obtaining information necessary to support the defense to the defamation claim. Whether Plaintiffs (their representatives) conducted criminal activity at or for the orchard is relevant to Defendant's defense, whether or not any such crimes were charged by law enforcement authorities. Under Michigan law, as Defendant notes, "it is not necessary for 'defendants to prove that a publication is literally and absolutely accurate in every minute detail.'" *Collins v. Detroit Free Press, Inc.*, 627 N.W.2d 5, 9 (Mich. Ct. App. 2011) (citation omitted). An inaccuracy in the expression is not material if the substance of the statement is true. *Id.* Although Defendant claimed Plaintiffs were engaged in a "criminal enterprise" at the orchard, questioning is not limited to a literal criminal enterprise as Plaintiffs define it—a felony for which conviction may result in a prison sentence. (*See* ECF No. 47, PageID.496). Defendant may inquire into criminal activity generally at or about the orchard during the relevant time here.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

5

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 9, 2022    s/Curtis Ivy, Jr.
                           Curtis Ivy, Jr.
                           United States Magistrate Judge