UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CONLAN ABU d/b/a BIG RED ORCHARD; CONLAN ABU LAND COMPANY, LLC; and MILLER'S BIG RED ORCHARD, LLC, | Case No.: 20-12805 |
| | Gershwin A. Drain |
| | United States District Judge |
| Plaintiff, | |
| v. | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| JEFF MULHOLLAND, | |
| Defendant. | |
| _____/ | |

## ORDER DENYING MOTION TO COMPEL DEPOSITION (ECF No. 70)

This matter is before the Court on Plaintiffs' motion to compel the deposition of non-party John Latella. (ECF No. 38). The motion is fully briefed and ready for determination. For the reasons below, the motion is **DENIED**

A.   Background and Parties' Arguments

Latella was an investor in Plaintiff Big Red Orchard. When Big Red Orchard defaulted on a loan, Latella organized Apple Orchard Note Holdings, LLC ("AONH") to purchase and hold the loan. On May 12, 2022, Plaintiff subpoenaed AONH for documents related to its interest in Big Red Orchard and the transfer of assets to AONH. On May 23, 2022, Plaintiff issued a subpoena for Latella to appear at a deposition on May 31, 2022. (ECF No. 70, PageID.1395).

Latella's deposition was not held on May 31, 2022. Plaintiffs canceled the deposition because AONH had not yet provided the documents requested. Latella gave Plaintiffs dates he was available during June and July to reschedule the deposition. (*Id.* at PageID.1395-96). The deposition was not scheduled. Plaintiffs cite a trial schedule during that time and the parties' agreement to conduct depositions after the discovery cut-off date of November 12, 2022. (*Id.* at PageID.1396). Defendant Mulholland insists the agreement was to take two witness depositions during December 2022, not Latella's deposition. (ECF No. 74, PageID.1451). Plaintiffs did not challenge this correction. On November 29, 2022, Plaintiffs noticed Latella's deposition to occur on December 2, 2022, after Latella indicated he was available that day. (ECF No. 70, PageID.1396). The day before the scheduled deposition, Latella informed Plaintiffs' counsel he could not attend the deposition because of a family matter. Latella then refused to be deposed and claimed not to have been served with a subpoena. (*Id.* at PageID.1396-97).

On November 29, 2022 when he agreed to be deposed, Latella asserts he assumed the discovery period was still open here. After he learned discovery closed on November 12, 2022, he denied the request to reschedule the deposition in December 2022. That said, he confirmed that all documents in his custody and control were previously produced to the parties. (ECF No. 75, PageID.1469). He

2

argues that the motion to compel should be denied because Plaintiffs failed to subpoena and schedule Latella for a deposition before the close of discovery.

B.   Discussion

Plaintiffs bring their motion under Fed. R. Civ. P. 45. A Rule 45 subpoena may command a person to attend a trial, hearing, or deposition. These subpoenas are discovery requests that are subject to the discovery cut-off date set in the Court's scheduling order. *See Jodry v. Fire Door Sol'n, LLC*, 2021 WL 4245431, at *1 (M.D. Tenn. Sept. 17, 2021) (citation omitted).

Plaintiffs argue that the Court should look past the fact that they sought to take Latella's deposition after the close of discovery as done in *Anderson v. Furst*, 2021 WL 2284731 (E.D. Mich. May 29, 2019). (ECF No. 80, PageID.1504-05). There, the defendants took the plaintiff's deposition as scheduled, but the plaintiff repeatedly objected to questions and refused to answer. In ruling on a motion to compel, the court ordered the deposition to continue, after the close of discovery, and that the plaintiff needed to answer the questions. These circumstances are not present here, so *Anderson* is not helpful.

Next Plaintiffs contend that the deposition did not go forward until the attempt to take it in December 2022 because AONH had not produced the subpoenaed documents, despite continued requests to do so "through November" 2022. (*Id.* at PageID.1505). The exhibit they cite to show their attempts to obtain

3

documents through November is the email exchange with Latella on November 29, 2022, in which Latella states that he will bring documents "regarding the foreclosure" available to him. (ECF No. 70-6). This email exchange does not support Plaintiffs seeking document production from May through November, and thus that they could not schedule the deposition until late in the litigation.

Finally, Plaintiffs urge the Court to compel the deposition to go forward because Latella is the only person with personal knowledge of Mulholland's defense that ownership of the Google Account was part of the assets of Big Red Orchard foreclosed on by AONH and subsequently sold to Plaintiffs. (ECF No. 0, PageID.1505-06). On the arguments presented, Latella's personal knowledge does not give cause for the Court to allow discovery after the discovery period has closed.

Plaintiffs have not moved to extend the discovery period, thus Rule 16's good cause standard will not be addressed here. Rule 45 does not provide for depositions to occur outside the discovery period or a mechanism to extend discovery to take a discovery deposition. Plaintiffs seek an order compelling Latella to appear at a deposition originally noticed in May 2022 because Latella refused to appear now that discovery has closed. Without an Order extending discovery, Plaintiffs do not have the right to obtain further discovery. Their

opportunity to do so expired November 12, 2022. For these reasons, the motion is denied.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 10, 2023　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge